12914

PLYLER, RECEIVER, v. SOUTHERN ET AL.

(153 S. E., 277)

*Messrs. Morgan & Cothran, Wyatt Aiken, Price & Poag,* for appellant,

*Messrs. A. C. Mann* and *B. F. Martin,* for respondents,

May 17, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought by the receiver of the Industrial Loan & Investment Corporation against the directors of that defunct institution, charging them with negligence and gross negligence in various particulars in the management of the affairs of the corporation, and claiming damages in

the sum of $50,000.00. This corporation, organized under the laws of this state, was a money-lending institution, engaged in making loans mainly to industrial workers on indorsed paper; there were no depositors nor was the institution under the supervision of the state bank examiner.

The trial Judge instructed the jury that in order for the plaintiff to recover he must show by the preponderance of the evidence that the directors had been guilty of gross negligence. The jury returned a verdict in favor of the defendants. On motion of plaintiff, a new trial was granted by the presiding Judge on the following ground: "I instructed the jury that plaintiff must show by the preponderance of the evidence that defendant directors were guilty of *gross negligence* before he could recover. I was in error. Am satisfied I should have charged the jury that plaintiff could recover if it was shown by preponderance of the evidence that defendant directors were guilty of negligence."

The question raised by the appeal is: Did the Court err in granting a new trial?

The appellants contend that the directors of a corporation other than a bank are liable for their acts of gross negligence, but not for their acts of negligence in the management of its affairs; that the institution of which plaintiff is receiver is not a bank; and that therefore the liability attached to bank directors cannot be imposed in this case. The respondent says in reply that the corporation involved is in fact a bank "in the strict commercial sense," in that it performed at least one of the functions of a bank; that is, the lending of money.

In 7 C. J., 474, we find the following:

"Banks are of three kinds: (1) Banks of deposit, which include savings banks and all others which receive money on deposit; (2) banks of discount, being those which loan money on collateral or by means of discounts of commercial paper; and (3) banks of circulation, which issue bank notes

payable to bearer. But the same bank generally performs all these several operations.

"As has been indicated, the principal attributes of a bank are the right to issue negotiable notes, to discount notes, and to receive deposits; and while, as a matter of modern practice, banks usually exercise any two, or even all three, of these functions, it is said to be true that an institution exercising any one or more of these functions is a bank in the strictest commercial sense."

See also *Oulton v. Savings Institution,* 84 U. S. (17 Wall.), 109; 21 L. Ed., 618; *Reed v. People,* 125 Ill., 592, 18 N. E., 295; 1 L. R. A., 324; *Williams v. Fidelity Company,* 142 Va., 43, 128 S. E., 615, 45 A. L. R., 664.

Whether the corporation here involved is or is not a bank is immaterial, as we do not rest our decision on that point. It is concededly a "money-lending institution," organized for that purpose, and we think the same rule of responsibility of its directors, for damage resulting from their negligence in the management of its affairs, should apply as in the case of directors of banks. The distinction in name, under the facts disclosed, does not imply such a difference in the duties to be performed, as between directors of such a loan institution and directors of a bank, as to justify the application of a different rule. *Williams v. Fidelity Company, supra.*

Under this view of the matter, the following principle, announced in the case of *Daniels v. Berry,* 148 S. C., 446, 146 S. E., 420, 421, is governing: "Unquestionably directors, as the agents of the bank, owe to the bank itself the duty to exercise ordinary care in the management of its affairs. A violation of that duty would constitute negligence, and the bank or its receiver, when one has been appointed, or the creditors, if the receiver should refuse to sue, may bring an action for the benefit of the bank against the directors for such negligence."

The appellants argue, however, that, as the question in the *Daniels case* was only whether the directors of a bank owe any duty to *its depositors,* that part of the opinion above quoted was not in response to any issue in the case, did not decide any point raised by the appeal, and was therefore purely *obiter dicta.* Even if this pronouncement was not necessary to the decision of any issue involved in that case, yet it was made only after very careful consideration and is a correct principle of law.

The judgment of the Circuit Court is affirmed, and the case remanded for a new trial in accordance with the order of Judge Sease.

MR. JUSTICE BLEASE and MR. ACTING ASSOCIATE JUSTICE ALBERT E. HILL concur.

MR. CHIEF JUSTICE WATTS and MR. JUSTICE CARTER dissent.

MR. JUSTICE COTHRAN disqualified.

MR. JUSTICE BLEASE (concurring): My concurring opinion in *Daniels v. Berry,* 148 S. C., 446, 146 S. E., 420, has been cited by the appellants as sustaining their position. I do not so regard it. In that case, the question before the Court concerned the liability of the directors of a bank directly to the depositors thereof. I agreed with the view that they were not so liable. The depositors do not choose the directors. In this case, the issue relates to the liability of the directors for their negligence to the corporation. The directors are selected by the stockholders of the corporation to manage its affairs. In expressing my views in the *Daniels case,* it was my purpose to show that directors of a bank, for mere negligent acts, should not be subjected to suits by any and all of the depositors who sustain losses. To subject them to one suit, for the benefit of the corporation as a whole for their negligent acts, is quite a different matter.

MR. JUSTICE CARTER (dissenting): This action by John L. Plyler, as receiver of Industrial Loan & Investment Corporation, against Henry J. Southern, Fred G. Carpenter,

S. E. Brown, F. G. Mauldin, W. W. Carter, M. B. Prevost, and S. T. Buchanan, directors of said corporation, was commenced in the Court of Common Pleas for Greenville County May 24, 1927, in which action the plaintiff charged the defendants with negligence and gross negligence in various particulars, in failing to properly direct the affairs of the said corporation, and asked damages against them, for said corporation, for said alleged negligent and gross negligent acts, in the sum of $50,000.00. In their answers the defendants denied the material allegations of the complaint. The case was tried before his Honor, Judge T. S. Sease, and a jury at the March, 1929, term of Court of Common Pleas for Greenville County, and, following the introduction of the evidence, resulted in a verdict for the defendants. On motion of the plaintiff, his Honor, Judge Sease, ordered a new trial. From the order of the presiding Judge granting a new trial the defendants have appealed to this Court, imputing error of law to his Honor in issuing said order.

In passing upon said motion the presiding Judge issued the following order:

"This is a motion for a new trial on several grounds submitted. After a very careful consideration and a review of my holdings and rulings on the only question of law that gave me serious concern, have decided to grant a new trial on a question of law only.

"I instructed the jury that the plaintiff must show by the preponderance of the evidence that defendant directors were guilty of gross negligence before he could recover. I was in error. Am satisfied I should have charged the jury that plaintiff could recover if it was shown by preponderance of the evidence that defendant directors were guilty of negligence.

"I need not state that this order is appealable."

From this order the defendants have appealed to this Court. The respondents contend that the case of *Daniels v. Berry,* 148 S. C., 446, 146 S. E., 420, 421, controls the case

at bar, while the appellants contend that the principle stated in the case of *Mortimer v. McKeithan Lumber Company,* 127 S. C., 266, 120 S. E., 723, 734, controls and that his Honor, Judge Sease, charged the law correctly when he instructed the jury that in order to render a verdict for the plaintiff against the defendants it was incumbent upon the plaintiff to show by the preponderance of the evidence that the defendant directors were guilty of gross negligence, and that his Honor, Judge Sease, erred as a matter of law in granting a new trial in the cause upon the grounds stated by his Honor.

In the case of *Daniels v. Berry, supra,* it is the following statement contained in the opinion to which respondent calls attention as supporting the action of the presiding Judge in granting a new trial, to wit: "Unquestionably directors, as the agents of the bank, owe to the bank itself the duty to exercise ordinary care in the management of its affairs. A violation of that duty would constitute negligence, and the bank, or its receiver when one has been appointed, or the creditors if the receiver should refuse to sue, may bring an action for the benefit of the bank against the directors for such negligence."

This language which we have quoted from the opinion in that case, *Daniels v. Berry, supra,* was not in response to any issue raised in that case and must be regarded as *obiter dicta.* Furthermore, the Court had under consideration in the appeal in that case an admitted banking institution, and what was stated in the opinion rendered in that case must be understood as applying to a banking institution and not to corporations in general, in the absence of a statement to the contrary. Therefore the case of *Daniels v. Berry, supra,* does not control the case at bar, for under the record before us it does not appear that the corporation now involved could be classed as a banking institution, as viewed under the laws of this State. The transcript of record in the case at bar does not disclose the purpose for which this corporation.

Industrial Loan & Investment Corporation, was chartered. All the record discloses is that it was engaged in making loans mainly to industrial workers on indorsement; that the defendants were the directors and at the time of the receivership the corporation was insolvent; also, that the general creditors had been paid in full, but that there was a loss to the stockholders in the sum of about $40,000.00; that there were no depositors in the institution and the institution was not under the supervision of the State bank examiner. The laws of this State require "all banks and banking institutions conducted by corporations or persons in the State" to be under the supervision of the State bank examiner; and the fact that the corporation involved in this case was not under the supervision of the State bank examiner is proof that the State bank examiner did not consider it a banking institution, and is a very strong circumstance that it was not a banking institution. Respondent contends that the institution operated under what is known as the Morris Plan Bank, but that it was nevertheless a banking institution. The law of this State does not exempt any kind of a bank from the control and supervision of the State bank examiner, and if the institution in question had been engaged in the banking business it is reasonable to suppose that the bank examiner would have had it under his supervision. From our viewpoint the record does not warrant the Court in holding that that corporation involved, Industrial Loan & Investment Corporation, is a banking corporation. To hold that this corporation, under the record in the case, is a banking institution, would amount to establishing a rule classifying innumerable institutions and business operations in this State as a banking business, and thereby cause great confusion, for the bank examiner would be forced to take all of such institutions and business concerns under his supervision.

In our opinion the rule applicable to the question involved in this appeal is stated in the case of *Mortimer v. Lumber Company, supra.* In that case his Honor, Judge James E.

Peurifoy, who heard the case on the circuit in deciding a like question, in his decree made this statement of the rule: "Before the officers could be personally liable, it must appear that they were either grossly negligent * * * of the business, or were guilty of willful destruction. They, no doubt, made many mistakes; but it is much easier, in the light of subsequent events after things have actually happened, to say what should have been done than it is to know what should be done in the present when the future is unknown and conditions uncertain."

This statement of the rule was approved by this Court in the opinion in that case, and is still of force. We think his Honor, Judge Sease, was in error in granting a new trial upon the grounds stated in his order.

The exceptions should therefore be sustained, and the judgment of this Court should be that the order and judgment of the Circuit Court be reversed, and the case remanded to that Court with instructions to enter judgment for the defendants under Rule 27 of this Court.

MR. CHIEF JUSTICE WATTS concurs.