(No. 13525.—Reversed and remanded.)

THE CHICAGO TITLE AND TRUST COMPANY, Appellant, *vs.* CHARLES B. MUNDAY *et al.* Appellees.

*Opinion filed April 21, 1921—Rehearing denied June 8, 1921.*

1. BANKS—*when order of court authorizes receiver to bring action against directors of bank.* Where an order of court appointing a receiver of an insolvent bank authorizes him to institute and prosecute, in the name of the bank or in his own name as such receiver, any and all suits at law and in equity which he deems necessary or advisable for the collection of moneys due or to become due the bank or for the recovery of property belonging to the bank, the receiver has authority to file a bill against the directors of the bank charging them with losses in allowing mismanagement and misapplication of the funds.

2. SAME—*when director is liable for non-observance of duties.* One who takes a position as director of a bank becomes trustee for the depositors as well as for the stockholders and is bound to the observance of ordinary care and diligence with reference to the management of the bank, and is liable for losses resulting from his own negligence in performing his duties as a director.

3. SAME—*what must be proved to render director responsible for negligence of officers or co-directors.* Before a director can be made responsible for losses which occur through the mismanagement or dishonesty of an officer of a bank it must appear that such losses resulted as a consequence of the omission of some duty on the part of the director, and a director is not responsible for the negligent omissions of those who are his co-directors unless he shall have participated in the negligent omission.

4. SAME—*when directors cannot be classified as active and non-active.* In the absence of a showing that some directors of a bank are non-residents or that the by-laws of the bank provide for "non-active" directors, or that the creditors and depositors have notice that but a portion of the board have charge of the affairs of the bank, there is no ground for classifying the directors as active and non-active in determining their liability for losses due to their own negligence or that of the officers.

5. SAME—*when bill of receiver against directors of bank sufficiently charges liability.* A bill filed by a receiver of an insolvent bank against its directors sufficiently charges liability in law where it alleges that the bank's losses were due to the negligence of the directors in failing to give supervision to the business, and in permitting, with knowledge of the facts, incompetent and dishonest officers to fraudulently misapply the funds of the bank for their own purposes.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

HIRAM T. GILBERT, for appellant.

MOSES, ROSENTHAL & KENNEDY, C. VANALEN SMITH, and DELBERT A. CLITHERO, (WALTER BACHRACH, and HENRY JACKSON DARBY, of counsel,) for appellees James E. Bennett, George O. Gunderson, and Joseph Hock.

Mr. JUSTICE STONE delivered the opinion of the court:

On September 21, 1916, William C. Niblack, as receiver of the LaSalle Street Trust and Savings Bank, filed a bill against appellees, as directors of said bank, seeking to recover moneys lost by the bank through their alleged negligent acts as such directors. An amended bill was filed April 12, 1918. Demurrers were filed by various defendants, which were by the decree of the superior court of Cook county sustained and the amended bill was dismissed for want of equity. An appeal was prayed and allowed to the Appellate Court for the First District, which affirmed the decree of the superior court and allowed a certificate of importance, and the cause comes here by appeal.

During the pendency of the cause in the Appellate Court William C. Niblack, receiver, died, and the Chicago Title and Trust Company was appointed in his stead and prosecutes this appeal.

As the amended bill was dismissed on demurrer, the only question involved in this record is whether or not it stated a cause of action.

As the history and affairs of this ill-starred venture have been stated in cases previously before this court, particularly in the case of *Golden* v. *Cervenka*, 278 Ill. 409, it is not necessary to set out such history as is contained in the bill in this case. The bill sets out the various steps in the organization of the LaSalle Street National Bank of Chicago and of the LaSalle Street Trust and Savings Bank and of the taking over by the latter of the assets and liabilities of the former. The original complainant was appointed receiver on June 10, 1914, for the LaSalle Street Trust and Savings Bank by the circuit court of Cook county by reason of a bill filed at the instance of the Auditor of Public Accounts, and the receiver was directed to wind up its business affairs and to collect and distribute its assets among the parties entitled thereto.

One of the objections of the appellees, under the demurrer filed, is that the receiver did not have authority, in the absence of express authority given him by the court, to institute the present proceedings. This contention is without merit. The order of the circuit court appointing the receiver authorized him to institute and prosecute, either in the name of the LaSalle Street Trust and Savings Bank or in his own name as such receiver, any and all suits at law and in equity which he might deem necessary or advisable for the collection of the moneys due or to become due such bank or for the recovery of property belonging to it. There would seem to be no question but that this general authority was sufficient to authorize the receiver to bring the bill filed in this case.

The principal ground for recovery alleged in the bill in this instance is that by the by-laws of the bank its affairs were to be administered by a board of fifteen directors, five of whom should constitute a quorum for the transac-

tion of business; that the business was, in fact, conducted by defendants William Lorimer as its president and Charles B. Munday as its vice-president, aided by Charles G. Fox, Thomas McDonald, Charles E. Ward and L. L. Bacchus, the bill further charging that Fox, McDonald and Bacchus were dominated and wholly controlled by Lorimer and Munday. The bill also charges that defendants Bennett, Hoch, Magner, Gunderson, Hanecy, Hanney and Huttig, though directors of the bank, took no part in the management or supervision of the business and made no investigation or inquiry whatsoever into the same but carelessly and negligently permitted Lorimer and Munday, without any supervision whatever or attempted supervision or investigation or inquiry by the other members of the board of directors, to carry on the business of the bank and to fraudulently misapply the assets thereof and to cause great losses to the bank; that said last named directors failed to exercise ordinary care in the management and supervision of the business affairs of the bank, and particularly in regard to the loans which Lorimer and Munday made to firms and corporations who were insolvent, and in regard to investments made by Lorimer and Munday in bonds and other securities of little or no value, as Lorimer and Munday well knew. The bill sets up various transactions showing losses of large sums of money which it avers were unsafe and imprudent and were well known to Lorimer and Munday to be so, and further avers that the unsafe and imprudent character of these transactions was known to the other defendants or would have been known to them had they exercised ordinary care and diligence in the performance of their duties as directors. It also charges that all of the directors knew, or by the exercise of ordinary care should have known, that Munday was fraudulently misapplying the money and property of the bank to his own use; that he was insolvent and unfit to be trusted with the management of the bank; that notwithstanding the knowledge

which the directors had of this matter or the means of knowledge which existed, they carelessly and negligently permitted him to have the management of the bank and to carelessly and fraudulently misapply its moneys. It is also charged that this bank, when instituted, was insolvent to the certain knowledge of all the directors.

There appears to be no question in the record as to the sufficiency of the charges of the bill against the defendants Lorimer and Munday and the Appellate Court so found, but in affirming the decree of the superior court the Appellate Court based its opinion on the insufficiency of the bill as regards those directors referred to as non-active director defendants, who are named in the bill as Bennett, Gunderson, Magner, Hoch, Gardner, Hanecy, Hanney and Huttig. As the sufficiency of the bill as to such last named directors appears to be the only question involved here, our attention will be directed to that feature of the case.

The issues under the bill, as we understand it, are whether or not an account may be had and taken of the moneys of the LaSalle Street Trust and Savings Bank which have been lost and the liabilities which have been incurred by the bank through the negligent, fraudulent and unlawful conduct of the defendants and each of them, and whether the bill sufficiently charges liability, in law, on the part of such directors therefor. This would not include, as is thought, the recovery of the $1,250,000 of capital and surplus of the trust and savings bank. That issue was disposed of by the case of *Golden* v. *Cervenka, supra,* where that relief was prayed and where it was held by this court that the creditors were entitled thereto. As we understand the issues, the receiver is here seeking to recover the losses which the bank incurred by reason of the organization and carrying on of the business of the bank and the participation of the defendants therein, and, so far as the issues raised on the demurrer are concerned, the question is whether or not the bill states a good cause of action

against what are called the non-active directors. The Appellate Court took the view, and so held, that the amended bill, so far as the non-active director defendants were concerned, amounted to no more than a charge that they were negligent and inattentive to their duties as directors in carelessly and negligently permitting Lorimer and Munday to misapply the funds of the bank without any supervision, investigation or inquiry on the part of the directors, including the "non-active" members of that board.

On examination of the bill we find in paragraph 41 the following statement: "Each of said officers of said trust and savings bank was insolvent during the entire period during which he served as such officer, and neither said William Lorimer nor said Charles B. Munday was a competent person to have control or management of the business of said trust and savings bank nor to exercise the powers or perform the duties of president or vice-president thereof, and each of them during said entire period was engaged in fraudulently misappropriating to his own use the moneys and other assets thereof, all of which facts were then well known to each of the other defendants to this your orator's bill." Paragraph 42 charges that Bennett, Gunderson, Magner, Hoch, Gardner, Hanecy, Hanney and Huttig took no part in the management or supervision of the business and made no investigation whatever concerning the matter of loans, at the same time well knowing that Lorimer and Munday were dishonest and incompetent and that they were managing and conducting the business dishonestly and incompetently. After setting out various transactions which the bill alleges showed incompetence and want of good faith of Lorimer and Munday, we find in paragraph 58 these words: "Because of the negligent, fraudulent and unlawful conduct of the defendants hereinbefore set forth, it became and was necessary that said trust and savings bank should be wound up by means of said suit of The People of the State of Illinois, on the re-

lation of James J. Brady, Auditor of Public Accounts of the State of Illinois, against said LaSalle Street Trust and Savings Bank and its stockholders," further alleging that by reason of the necessity of winding up the business the assets of the bank were burdened with heavy costs, "all of which expenses have been and will have been occasioned by the negligent, fraudulent and unlawful conduct of the defendants hereinbefore set forth."

The rule with reference to determining the responsibility of a director for losses to his bank was laid down in *Wallach* v. *Billings,* 277 Ill. 218, as follows: "Where the directors of a corporation are guilty of a breach or neglect of duty and the proximate result of such breach or neglect of duty is a loss to the bank there may be a recovery from such directors." The responsibility of members of a board of directors of a bank is discussed in *Briggs* v. *Spaulding,* 141 U. S. 132, wherein it is said: "Without reviewing the various decisions on the subject, we hold that directors must exercise ordinary care and prudence in the administration of the affairs of a bank, and that this includes something more than officiating as figureheads. They are entitled, under the law, to commit the banking business, as defined, to their duly authorized officers, but this does not absolve them from the duty of reasonable supervision, nor ought they be permitted to be shielded from liability because of want of knowledge of wrongdoing, if that ignorance is the result of gross inattention."

The charges contained in the amended bill were that these defendants gave no supervision and made no inquiry whatever, notwithstanding they were directors of the bank and had knowledge of the incompetence and dishonesty of Lorimer and Munday and their fraudulent misuse of the funds of the bank. To say that such a charge in a bill is not sufficient to hold directors liable, if proven, would be to render indeed hazardous the deposit of money in banks. Were we to hold that directors of a bank are required only

to exercise slight care, or that when elected as directors they may become what is characterized by the Appellate Court as "inactive" members of the board, who may give no attention whatever to the business of the bank but be mere figureheads, few persons would be willing to deposit money with or take stock in such corporations. It is a matter of common knowledge that men of strong financial ability are asked to serve as directors of banks because of the feeling of security which the public will have from their connection with the corporation. That feeling of confidence arises out of the fact that the public, when depositing money in a savings bank or when taking stock in the corporation and divesting themselves of control of their property, expect, and have a right to expect, that the men selected as directors of a bank to control the property will exercise ordinary care and prudence, and when one takes a position as director of a bank he becomes trustee for the depositors as well as for the stockholders and is bound to the observance of ordinary care and diligence, and is hence liable for injury resulting from the non-observance, where such non-observance is due to the negligence of such director. *Delano* v. *Case,* 121 Ill. 247.

In *Wallach* v. *Billings, supra,* it is distinctly said that it is not the holding of the court that directors cannot be held for mere inaction where such inaction has been the proximate cause of loss. It was there held, however, that the bill did not charge that Billings as a director of the bank in question was guilty of any negligence which was the proximate cause of the loss alleged. As was said in *Warner* v. *Pennoyer,* 91 Fed. 587, before a director can be made responsible for losses which have occurred through the mismanagement or dishonesty of a cashier it must appear that such losses resulted as a consequence of the omission of some duty on his part. This well states the rule. Moreover, it cannot be said that an individual director is responsible for the negligent omissions of those who are his

co-directors unless he shall have actively or passively participated in such negligent omissions.

While in the case of *Wallach* v. *Billings, supra,* a distinction is drawn between the duties of local and non-resident members of a board of directors of a bank, there is nothing in this bill to indicate that the members of this board are non-residents, and we do not understand that the directors of a bank may be classified as "active" or "non-active" directors in the absence of a showing that such directors are non-residents in the sense referred to in *Wallach* v. *Billings.* The by-laws of this bank provided that the management of the affairs of the bank should be placed in the hands of a board of fifteen directors. There was no provision for "non-active" directors, so-called, and no creditor or depositor of the bank had any notice that but a portion of the board should manage the affairs of the bank.

We are of opinion that the amended bill charged such negligence as, if proven, would afford a basis of liability on the part of the defendants. So far as the other points decided by the Appellate Court are concerned, there appear to be no objections raised to the holding of that court and on examination we find none. None of the other matters urged as ground for demurrer were sustained by that court, and no exception is taken to its holding in that regard.

We are of the opinion that the amended bill states a good cause of action as to all the defendants. For error in holding otherwise the judgment of the Appellate Court and the decree of the superior court are reversed and the cause remanded to the superior court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*