JOHN A. DELANO *et al.*

*v.*

GARDNER CASE.

*Filed at Springfield June 17, 1887.*

1. BANK DIRECTORS—*duty to depositors—liability for deposits made after insolvency.* The directors of a bank are trustees for depositors as well as stockholders, and, as such, are bound to the observance of ordinary care and diligence to save depositors from loss, etc.

2. If bank directors are guilty of negligence in permitting their bank to be held out to the public as solvent, when in fact it is insolvent, and thereby induce one to deposit his money with the bank, which he loses by reason of the insolvency of the bank, he may recover of such directors, in an action on the case, the damages he may thereby have sustained.

Appeal from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. W. R. Welch, Judge, presiding.

Messrs. Palmers, Robinson & Shutt, for the appellants :

Aside from statutory provision, the directors or officers of an incorporated bank are not responsible, in an action at law, for injury resulting to a creditor or depositor, unless the injury was occasioned by the malicious or fraudulent act of the party complained of. Mere *nonfeasance* will not answer. *Fusz* v. *Spannhaust,* 67 Mo. 257; *Harman* v. *Trappenden,* 1 East, 555; *Hodges* v. *Screw Co.* 53 Am. Dec. 637; 30 Conn. 360; 20 Eng. L. and Eq. 129; 15 Mass. 505.

The directors of a bank are its agents and servants, and are liable, alone, to their principals, for the performance of their duties. But if liable at all to third persons, it is only for their positive acts of misfeasance. Shearman & Redfield on Negligence, sec. 111.

Messrs. Greene, Burnett & Humphrey, for the appellee :

It is true, the directors' *contract* being with the corporation, appellee could not maintain a suit on it. But the action is not founded on this contract, but on their neglect of duty. *Salmon* v. *Richardson,* 30 Conn. 373.

The directors were trustees for creditors and depositors, as well as others, and will be liable to depositors for any neglect of duty resulting in loss to the latter. Morse on Banking, 116; *Shea* v. *Mobry,* 1 Lea, 319; *United Society of Shakers* v. *Underwood,* 9 Bush, 609.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was case, in the circuit court of Macoupin county, by a general depositor in a bank, against directors of the bank, for negligence in permitting it to be held out to the public as solvent, when in fact it was, at the time, insolvent. Judgment was rendered for the plaintiff in that court, and that judgment was affirmed, on appeal to the Appellate Court for the Third District, and this appeal is from that judgment.

The Appellate Court, in its opinion filed on rendering that judgment, holds, first, that the directors of a bank are trustees for depositors as well as for stockholders; second, that they are bound to the observance of ordinary care and diligence, and are hence liable for injuries resulting from their non-observance; and third, that the present appellants did not observe that degree of care and diligence, and, in consequence thereof, appellee sustained the damages for which the judgment was rendered. *Delano et al. v. Case,* 17 Bradw. 531.

The last proposition we are relieved from inquiring into, since there was evidence tending (though, it may be, but slightly,) to sustain it.

The propositions of law, as above stated, are, in our opinion, free of objection and sustained by authority. *Percy et al. v. Millandon,* 3 La. 568; *United Society of Shakers v. Underwood,* 9 Bush, 609; Morse on Banks and Banking, (2d ed.) 133; Thompson on Liability of Officers and Agents, 395; *Shea v. Mobry,* 1 Lea, (Tenn.) 319; *Hodges v. New England Screw Co.* 1 R. I. 312; Wharton on Negligence, sec. 510.

The judgment is affirmed.

*Judgment affirmed.*

SHELDON, C. J., and CRAIG, J., dissenting.